08cv1943 Collins S.J
9/15/10

FILED
2010 SEP 16 P 3:58
U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICARDO COLLINS,
    Plaintiff,

v.

REV. ANTHONY J. BRUNO, et al.,
    Defendants.

CASE NO. 3:08-cv-1943(AVC)

## RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The plaintiff moves for summary judgment on his claims that the defendants have violated his First and Fourteenth Amendment rights to freedom of religion and his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc. The defendants oppose the motion. For the reasons that follow, the plaintiff's motion is denied.

### Facts

The parties' local rule 56 statements and memoranda reveal the following undisputed, material facts: The plaintiff, Ricardo Collins, is a practicing Muslim. The defendant, Reverend Anthony J. Bruno, is the Director of Religious Services for the Department of Correction and has held this position since 1987. Reverend Bruno supervises all religious staff and ensures compliance with departmental policies and equitable treatment for all inmates.

On July 9, 2008, Collins requested halal meat, from a goat, sheep, bull, buffalo or camel, for two Islamic feast days, Eid-

ul-Fitr and Eid-ul-Adha.[1] In response to his letter, Bruno informed the plaintiff that the Department of Correction does not provide halal meat, but that all of the food items served for the two feast days are acceptable for Islamic inmates.

The plaintiff requested that halal meat be brought into the prison for the feast days. The defendant, Reverend Mack Elder, informed the plaintiff that the menu for the feast days was completed, nothing would be added and prison rules forbade bringing in food from outside the prison.

## **Standard**

A motion for summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Summary judgment is appropriate if, after discovery, the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The burden is on the moving party 'to demonstrate

---

[1] In the various papers filed in this case the two feasts have been identified as Eid-ul-Fitr, Eid-il-Fitr and Eid-al-Fitr and Eid-ul-Adha, Eid-il-Adha and Eid-al-Adha. In this ruling, the Court uses the plaintiff's spelling.

the absence of any material factual issue genuinely in dispute.'" Am. Int'l Group, Inc. v. London Am. Int'l Corp., 644 F.2d 348, 351 (2d Cir. 1981) (quoting Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1319-20 (2d Cir. 1975)).

A dispute concerning a material fact is genuine "'if evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court must view all inferences and ambiguities in a light most favorable to the nonmoving party. See Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Id.

Where one party is proceeding *pro se*, the court reads the *pro se* party's papers liberally and interprets them to raise the strongest arguments suggested therein. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

### **Discussion**

In his complaint, Collins identifies claims under the First and Fourteenth Amendments and RLUIPA based upon denial of free exercise of religion, denial of halal meat for two Islamic feasts, failure to properly supervise and discipline staff, and failure to conduct a proper investigation. The plaintiff asserts claims of denial of equal protection, due process, free exercise

of religion and freedom of religion.  All of the claims relate to
the plaintiff's request for halal meat, the denial of this
request and his various administrative remedies.

In his motion for summary judgment Collins argues that the
refusal of halal meat has substantially burdened his sincere
religious beliefs and is not justified by a compelling government
interest.  He argues, therefore, that the defendants have
violated his rights under RLUIPA.  He also contends that the
defendants violated his First and Fourteenth Amendment rights
because the denial of halal meat has denied him the right to
practice his religion.  The plaintiff does not address any due
process or equal protection claims in the motion for summary
judgment.

The court notes that similar claims were considered and
rejected in another case filed within this district.  See Vega v.
Lantz, et al., No. 3:04cv1215(DFM), 2009 WL 3157586 (D. Conn.
Sept. 25, 2009).

A.  **First Amendment Claim**

In evaluating a claim of denial of the First Amendment right
to free exercise of religion, the court must balance the
plaintiff's constitutional right against "the interests of prison
officials charged with complex duties arising from administration
of the penal system."  Benjamin v. Coughlin, 905 F.2d 571, 574
(2d Cir. 1990).  The plaintiff bears the initial burden of

establishing that the disputed conduct, here the denial of halal meat, infringes on his religious beliefs. The defendants then are required to identify "the legitimate penological interests that justify the impinging conduct; the burden remains with the prisoner to show that these articulated concerns were irrational." Salahuddin v. Goord, 467 F.3d 263, 274-75 (2d Cir. 2006).

In determining whether a prison regulation is reasonable, the court considers four factors: (1) whether there is a rational relationship between the regulation and the legitimate government interest asserted; (2) whether the prisoner has alternative means to exercise his right; (3) the impact of accommodating the right on the prison system; and (4) whether there are ready alternatives that would accommodate the prisoner's right and satisfy the government's interest. See Benjamin, 905 F.2d at 571 (citing Turner v. Safley, 482 U.S. 78 (1987)).

Collins states that his religious beliefs require him to eat halal meat at the two feasts. This assertion is supported by the plaintiff's declaration.

In response, the defendants assert the same concerns of safety, cost and administration raised in Vega, namely, that showing favoritism to one group could lead to inmate violence; purchasing halal meat from sources meeting state health

requirements is more expensive; the Department of Correction would have to construct new kitchen facilities to store, handle and prepare halal meat separate from other foods and arrange for separate delivery of foods to the various facilities; permitting halal meats to be brought in from other sources would require correctional staff to be diverted from their regular functions to deliver the foods to the kitchens; and there is no way to be sure that the foods brought in were properly stored and handled to avoid contamination or food-born illnesses.

The court in Vega, found these reasons show a rational relationship between the policy of not providing halal meat and the penological interests of security, cost and reducing the administrative burden. Vega, 2009 WL 3157586, at *7. In addition, the Vega court found that prisoners can satisfy the requirement for halal meat by purchasing halal sausage from the commissary.

As in Vega, the plaintiff here has not shown that the defendants concerns are irrational. Therefore, the court agrees with the holding in Vega that the denial of halal meat at the two Islamic feasts does not violate the plaintiff's free exercise of religion under the First Amendment.

**B. RLUIPA Claim**

RLUIPA provides in relevant part that:

> No government shall impose a substantial burden on the religious exercise of a person

> residing in or confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). The term "religious exercise" includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). Although RLUIPA replaces the "legitimate penological interest" standard articulated in Turner v. Safley, with a "compelling governmental interest" and "least restrictive means" test, 42 U.S.C. § 2000cc-1(a), the Supreme Court has recognized that RLUIPA does not "elevate accommodation of religious observances over an institution's need to maintain order and safety." Cutter v. Wilkinson, 544 U.S. 709, 722 (2005).

Under RLUIPA, the plaintiff must present evidence demonstrating a prima facie claim that the challenged rule constitutes a substantial burden on the exercise of his religious beliefs. If the plaintiff meets this burden, the state then must prove that any substantial burden on the exercise of the plaintiff's religious beliefs both furthers a compelling governmental interest and is the least restrictive means of doing

7

so. See 42 U.S.C. § 2000cc-2(b); Bikur Cholim, Inc. v. Village of Suffern, 664 F. Supp. 2d 267, 275-76 (S.D.N.Y. 2009). To establish a substantial burden on his exercise of religion, the plaintiff must show that "the government's action pressures him to commit an act forbidden by his religion or prevents him from engaging in conduct or having a religious experience mandated by his faith. The interference must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine." Pugh v. Goord, 571 F. Supp. 2d 477, 504-05 (S.D.N.Y. 2008) (internal quotation marks and citations omitted).

Collins provides only his own declaration that he must eat halal meat at the two feasts. In opposition, the defendants have provided the declaration of Abdul Majid Karim Hasan, an expert consultant on Islamic issues. Hasan states that Muslims are not required to eat meat at the feasts. Rather, if they eat meat, it must be halal. The fish provided by the Department of Correction at the feasts is halal and acceptable for Muslims to eat. See Doc. #19-10, ¶¶ 6, 8, 12. Thus, it is not clear that the plaintiff has established a prima facie claim.

Even if he has, the plaintiff's motion for summary judgment must be denied. In Vega, the court considered an identical claim and concluded that the defendants had demonstrated that the rule is "in furtherance of compelling governmental interests including

prison security, controlling costs and maintaining workable administrative procedures." 2009 WL 3157586, at *8.

In addition, other courts that have considered the issue have concluded that when a prison provides an inmate with an alternative menu meeting the requirements of a halal diet, the prisoner's religious rights are not violated. See, e.g., Williams v. Morton, 343 F.3d 212, 218 (3d Cir. 2003) (holding provision of vegetarian diets to Muslim inmates was based on legitimate penological interests and did not violate the First or Fourteenth Amendments); Kahey v. Jones, 836 F.2d 948 (5th Cir. 1988) (holding prisons are not required to respond to particularized religious dietary requests of Muslim inmate); Phipps v. Morgan, No. CV-04-5108-MWL, 2006 WL 543896, at *2 (E.D. Wash. Mar. 6, 2006) (holding nutritionally adequate alternatives to halal meat diet do not offend RLUIPA, free exercise, or equal protection); Abdul-Malik v. Goord, No. 96 CIV. 1021, 1997 WL 83402, at *6 (S.D.N.Y. Feb. 27, 1997) (noting that "[a]ll that is required for a prison diet not to burden an inmate's free exercise of religion is 'the provision of a diet sufficient to sustain the prisoner in good health without violating [his religion's] dietary laws'") (quoting Kahane v. Carlson, 527 F.2d 492, 496 (2d Cir. 1975)).

Conversely, in Hudson v. Dennehy, 538 F. Supp. 2d 400 (D. Mass. 2008), the court held that denying Muslim inmates regular

halal meals did not further a compelling state interest under RLUIPA where the department made dietary accommodations for other religious groups and conceded that cost did not factor into the decision. Id. at 410. In that case, the plaintiff complained of not being provided halal meats on a regular basis. Here, however, the defendants regularly provide halal meals. The issue here is the provision of halal meat at two feasts. The defendants in this case, unlike the defendants in Hudson, have raised cost as a factor in the decision; the cost of purchasing halal meat and the associated costs of establishing separate kitchen facilities in every correctional institution to store and prepare the halal meat.

This Court agrees with the conclusion in Vega, as well as the other courts denying relief on similar claims. The plaintiff's motion for summary judgment is denied with respect to the plaintiff's RLUIPA claim.

## Conclusion

The plaintiff's motion for summary judgment [**Doc. #16**] is **DENIED**.

The defendants may file a motion for summary judgment within **sixty (60) days** from the date of this order.

**SO ORDERED** at Hartford, Connecticut this 15TH day of September 2010.

/s/ Alfred V. Covello, USDJ
_____
Alfred V. Covello
United States District Judge